IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

DAVID R. PETE,

            Plaintiff,

vs.

DOUG MCMILLON, KATHRYN MCLAY,
and DONNA MORRIS,

            Defendants.

NO. 1:22-CV-00030-MAC-ZJH

## SECOND REPORT AND RECOMMENDATION

On January 26, 2022, the court referred this case to the undersigned United States Magistrate Judge for all pretrial matters pursuant to a standing order. The same day, *pro se* Plaintiff David R. Pete moved to proceed *in forma pauperis*. Doc. No. 2. On February 17, 2022, the undersigned granted Pete's motion but ordered him to amend his complaint to state a claim on which relief could be granted. Doc. No. 3. On February 24, 2022, Pete filed his *Amended Complaint* against three Walmart executives. Doc. No. 4. In his *Amended Complaint*, Pete alleged violations of his First and Fourteenth Amendment rights after an incident at a Walmart store in Beaumont, Texas. *See id*.

On March 2, 2022, the undersigned recommended that the court dismiss Pete's complaint *sua sponte* because Pete again failed to state a claim on which relief could be granted. Doc. No. 6. On March 15, 2022, Pete timely filed his *Objections* to the undersigned's report. Doc. No. 8. On March 29, 2022, after reviewing Pete's objections, the undersigned withdrew the Report and Recommendation and gave Pete another chance to state a cognizable claim under either 42 U.S.C.

§ 1983 or § 1985(3).[1]  Doc. No. 9.  In turn, on April 4, 2022, Pete filed his second *Amended Complaint*.  Doc. No. 11.  Because Pete still has not stated a claim on which relief can be granted, the undersigned recommends dismissing Pete's case.

## I.    Legal Standard

Title 28 of the United States Code § 1915(e)(2)(B) provides for *sua sponte* dismissal of a complaint filed *in forma pauperis* if the court determines at any time that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

When a court analyzes whether a plaintiff has stated a claim on which relief may be granted, it "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the court must accept all factual allegations as true, the court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696

---

[1] Likely before Pete received notice that the undersigned withdrew the Report and Recommendation, he also filed a second Objection that included a *Request for Clerk's Entry of Default*.  Doc. No. 10.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fᴇᴅ. R. Cɪᴠ. P. 55(a).  It appears that Pete's basis for default is that the Defendants failed to respond to his first Objections to the Report and Recommendation.  Doc. No. 10 at 2.  First and foremost, the Defendants have not been served.  Second, a party is not required to respond to another party's objections.  *See* Fᴇᴅ. R. Cɪᴠ. P. 72(b)(2) ("A party *may* respond to another party's objections within 14 days after being served with a copy.") (emphasis added).  Accordingly, Pete's request for default is without merit.

(5th Cir. 2005); *see also id.* at 678-79. The court should only determine whether a plaintiff has stated a legally cognizable claim that is plausible, not evaluate the plaintiff's likelihood of success. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Dismissal for failing to state a claim is warranted if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006).

## II.    <u>Discussion</u>

Pete alleges that Walmart violated his First and Fourteenth Amendment rights. Title 42 of the United States Code § 1983 "provides a cause of action for individuals who have been 'depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws' of the United States by a person or entity acting under color of state law." *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (quoting 42 U.S.C. § 1983). The undersigned liberally construes Pete's claims to be brought under 42 U.S.C. § 1983 as a civil action for the deprivation of rights. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (internal citation omitted).

To be successful on a § 1983 claim, the defendant must be a person or entity acting under color of state law. *McClendon*, 305 F.3d at 322. Walmart is "a private corporation that does not act 'under color of state law.'" *Woods v. Wal-Mart, Inc.*, No. 7:18-CV-00005-DC, 2018 WL 8996624, at *3 (W.D. Tex. Aug. 14, 2018). Pete argues, however, that when Walmart called the police, it became a "partner in this action" to deprive him of his right to be told what crime he had committed. Doc. No. 11 at 1.

To be sure, "[t]o act 'under color' of law does not require that the accused be an officer of the state." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970). In fact, "the actions of a private citizen can, and in some circumstances do, become the actions of the state . . . for purposes of § 1983." *Meade v. Dillard Dep't Stores*, No. 00-51223, 2001 WL 1223752, *3 (5th Cir. Oct. 4, 2001) (citing *Hall v. Garson*, 430 F.2d 430, 439 (5th Cir.1970)). These are circumstances where the private citizen is a "willful participant in *joint activity* with the state or its agents." *Adickes*, 398 U.S. at 152 (emphasis added). To show joint activity, "the plaintiff must allege and prove that the citizen conspired with or acted in concert with state actors." *Lavergne v. Faulk*, 583 F. App'x 407, 408 (5th Cir. 2014) (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989)). In other words, there must be a "customary plan" between the private citizen and the state actor. *Meade*, 2001 WL 1223752, at *3. In the context of retail stores, plaintiffs must show a "preconceived plan" by which the store "could have persons detained merely by designating them to the police." *Bartholomew v. Lee*, 889 F.2d 62, 63 (5th Cir. 1989).

Pete has not alleged facts sufficient to allow the court to draw the reasonable inference that Walmart "conspired with or acted in concert with" the police according to any "preconceived plan." He has shown only that a Walmart manager summoned the police to the store because Pete allegedly was involved in an altercation and harassed the manager. This falls short of the "joint activity" required to hold a retail store liable under § 1983. *See Adickes*, 398 U.S. at 152; *see also Meade*, 2001 WL 1223752, at *3 (store employee acted under color of state law when he wore official police uniform and threatened to arrest plaintiff). Accordingly, Pete did not allege a plausible claim that Walmart was liable under § 1983.[2]

---

[2] Even if Walmart became a state actor when its manager called the police, Pete still cannot state a cognizable claim. The Defendants here are three Walmart executives whom Pete hasn't alleged were personally involved in the incident at the Beaumont store. Under § 1983, "officials are not vicariously liable for the conduct of those under their supervision." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017)

Further, the undersigned liberally construes Pete's complaint as also alleging a conspiracy to interfere with civil rights. *See* 42 U.S.C. § 1985(3) ("If two or more persons . . . conspire . . . for the purpose of depriving . . . any person . . . the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."). For the same reasons as above, Pete has not alleged facts sufficient to allow the court to draw the reasonable inference that Walmart conspired with any person to deprive him of the equal protection of the laws.

## III.    <u>Recommendation</u>

The court has given Plaintiff David R. Pete multiple opportunities to state a claim on which relief can be granted. Because Pete has failed to do so, the undersigned recommends that the case be **DISMISSED**.

## IV.    <u>Objections</u>

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-

77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SIGNED this 26th day of April, 2022.

                                              _____

                                              Zack Hawthorn
                                              United States Magistrate Judge